UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 16CR10245 |
| v. | ) | |
| | ) | **VIOLATIONS:** |
| NATHANIAL PONN, | ) | |
| Defendant | ) | 18 U.S.C. §1343 (Wire Fraud) |
| | ) | 18 U.S.C. §982(a)(2) (Criminal Forfeiture) |
| | ) | |

## INDICTMENT

The grand jury charges that:

At all times relevant to this Indictment:

1. Defendant Nathanial Ponn (hereinafter "PONN") was an individual residing in Massachusetts.

2. Company A is an investment company doing business in the United States which provides securities trading services to its customers.

3. Company B is an investment company doing business in the United States which provides securities trading services to its customers.

## THE SCHEME TO DEFRAUD

4. Beginning in or about March 2010 and continuing through at least in or about April, 2015, PONN engaged in a scheme and artifice to defraud and to obtain money and property of investment companies by opening brokerage accounts and purchasing securities based on fraudulent bank account information, without putting any of his own funds at risk, and attempting to withdraw funds that were not in the accounts.

5. As part of his fraudulent scheme, PONN opened approximately 400 brokerage accounts at about nine investment companies, including Company A and Company B, located throughout the United States. To open many of the accounts, PONN provided false information to the investment companies, including names, social security numbers, assets, and income.

6. Company A and Company B allowed their customers to transfer funds from an account at another financial institution into the customer's brokerage account through an Automated Clearing House ("ACH") transfer. A customer could do so by providing the account number and name of the financial institution where the account was held, and the amount to be transferred. The investment company would then begin the process of transferring the funds to the customer's brokerage account. The investment companies also permit customers to purchase and sell securities during the period after they open an account and before the funds requested by ACH transfer are received.

7. As part of his fraudulent scheme, PONN provided bogus ACH transfer information to investment companies for accounts he had opened, knowing that the designated bank account did not have the amount of funds requested or, in some instances, did not even exist. PONN did so in order to purchase securities without using any of his own money.

8. Between in or about February 2014 and in or about April 2015, PONN provided false ACH transfer information to investment companies on more than 350 occasions, which purported to reflect transfers totaling more than $8.5 million.

9. As part of his fraudulent scheme, PONN caused securities to be purchased in some of the accounts he had opened with bogus ACH transfer information. In total, PONN caused more than $2.7 million in securities to be purchased in accounts he opened at eight investment

firms.

10. As part of his fraudulent scheme, after providing false ACH transfer information to investment companies, PONN attempted to withdraw funds from some accounts.

## COUNTS 1-3

**(Wire Fraud – 18 U.S.C. §1343)**

11. The grand jury re-alleges and incorporates by reference paragraphs 1 through 10 of this Indictment and further charges that:

12. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

**NATHANIAL PONN,**

having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted, by means of wire communications in interstate commerce, writings, signs, signals, pictures, and sounds, as follows:

| COUNT | DATE (on or about) | WIRE TRANSMISSION |
|---|---|---|
| 1 | April 8, 2013 | Wire communication transmitted from Massachusetts to a Company A server located outside of Massachusetts to open brokerage account xxxx0609. |
| 2 | July 7, 2014 | Wire communication transmitted from Massachusetts to a Company B server located outside of Massachusetts to open brokerage account xxxx2802. |
| 3 | July 9, 2014 | Wire communication transmitted from Massachusetts to a Company B server located outside of Massachusetts to open brokerage account xxxx4003. |

All in violation of Title 18, United States Code, Section 1343.

**WIRE FRAUD FORFEITURE ALLEGATION**
**(18 U.S.C. §982(a)(2))**

The grand jury further charges that:

13. The allegations of Counts One through Three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2).

14. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1343, as alleged in Counts One through Three of this Indictment,

**NATHANIAL PONN,**

the defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the offenses.

15. If any of the property described in Paragraph 14 hereof as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant –

a. cannot be located upon the exercise of due diligence;

b. has been transferred to, sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of this Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other property of the defendant up to the value of the property described in Paragraph 14 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL

FOREPERSON OF THE GRAND JURY

ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; August 24, 2016.

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

11:05